IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| NORMAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 1:10-0052 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

Plaintiff, Norman Johnson, filed this action under 42 U.S.C. § 1983 against the Defendant, Corrections Corporation of America ("CCA"). Plaintiff's claim arises out of a physical altercation between Plaintiff and Andrea Martinez, an inmate, on June 5, 2009. In essence, Plaintiff alleges a violation of his Eighth Amendment right to personal safety due to CCA's failure to segregate him from a violent inmate at CCA's institution where Plaintiff was housed. Plaintiff also asserts a state common law claim for negligence. CCA filed an answer denying Plaintiff's claims and the parties have had an opportunity for discovery.

Before the Court is CCA's motion for summary judgment (Docket Entry No. 13), contending, in essence, that the undisputed evidence establishes that CCA did not have any notice of any potential risk to Plaintiff from Martinez. With the lack of notice, CCA asserts that Plaintiff cannot demonstrate that any deliberate indifference was shown to his personal safety. CCA argues that its policies, practices, and customs on protective services for "at-risk" inmates are adequate. CCA also asserts that Plaintiff cannot show that these policies, practices, and customs were inadequate or were the moving force that caused Plaintiff's injury. Finally, CCA

1

moves the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claim.

Plaintiff failed to respond to CCA's motion for summary judgment.[1] Under Local Rule 7.01(b), a lack of response is construed to mean there is no opposition.

For the reasons set forth below, the Court concludes that CCA's motion for summary judgment should be granted. Plaintiff has failed to articulate any policy, procedure, custom, or practice that was the "moving force" behind the alleged constitutional violation of Plaintiff's rights. Without a federal claim, the Court declines to address Plaintiff's state law claim for lack of jurisdiction.

## I. FINDINGS OF FACT[2]

Plaintiff, a state inmate, was formerly housed at the South Central Correctional Center ("SCCC"). (Docket Entry No. 15, Defendant's Statement of Material Facts ¶ 1). CCA is a private corrections management firm that operated SCCC at all times relevant to this action. Id. at ¶ 2. On June 5, 2009, Plaintiff was involved in a physical altercation with Andrea Martinez, another SCCC inmate. Id. at ¶ 3.

The Tennessee Department of Corrections (TDOC) classifies inmates upon their initial confinement and every year thereafter. Id. at ¶¶ 11-12. The TDOC classification process inquires about any other inmates with whom a prisoner is incompatible. Id. at ¶ 11. If incompatibles are cited, appropriate housing/facility assignments are made to separate that inmate from any incompatible inmate(s). Id.

---

[1] Under Local Rule 56.01, the respondent has 21 days to file a response to a motion for summary judgment. The Plaintiff, who is represented by counsel, did not do so. A response to Defendant's motion for summary judgment filed on May 2, 2011, was due by May 23, 2011. The Plaintiff's lack of response forces the Court to rely on the facts advanced by the Defendant.
[2] Based upon Plaintiff's lack of response to the Defendant's Statement of Undisputed Facts, the Court adopts the undisputed facts submitted by CCA.

At the time of the altercation, CCA policy set forth the procedures where reason exists to suspect an inmate to be at risk of physical harm from another inmate. Id. at ¶ 4. The policy requires a list of incompatible inmates be maintained. Id. at ¶ 10. Between annual reviews, SCCC staff may initiate incompatibility inquiries upon SCCC inmates' requests or observations or internal affairs investigative findings. Id. at ¶ 13. SCCC's policy requires an inquiry when any SCCC staff member receives information that an inmate is at risk of harm from another inmate. Id. at ¶ 18. SCCC inventories incidents of fights or disciplinary infractions concerning TDOC inmates. Id. at ¶ 19.

Plaintiff was initially classified on March 10, 2007. Plaintiff completed an inmate admission assessment form and did not disclose that he was a victim or perpetrator of violence prior to his placement in TDOC custody. Id. at ¶ 15. Plaintiff did not list any incompatibles on his TDOC classification. Id. In SCCC's annual classification reviews of Plaintiff on April 2, 2008 and on April 7, 2009, Plaintiff did not reveal any incompatible inmate. Id. at ¶ 17. SCCC did not have any record that Plaintiff was at risk of physical harm from Martinez prior to the altercation on June 5, 2009. Id. at ¶ 19.

## II. CONCLUSIONS OF LAW

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Under Supreme Court holdings, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict. Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986).

For liability under 42 U.S.C. § 1983, Plaintiff must prove the deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a

person acting under color of state law. Flagg Bros., Inc., v. Brooks, 436 U.S. 149, 155 (1978). Because CCA performs a traditional state function in operating a state prison, CCA acts under the color of state law. Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996). Yet, to hold CCA liable Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. Id. at 818. Liability for failure to segregate violent inmates attaches only if CCA's policies were shown to be the "moving force" behind Plaintiff's injury. City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Plaintiff fails to present any facts demonstrating that CCA's policies were the "moving force" behind his attack and injuries. The undisputed facts are that CCA's policies seek and address potential risks to inmates' personal safety at its facilities. Here, the facts are that CCA was unaware of any risk of harm to Plaintiff's personal safety. Plaintiff's initial classification process in 2007 did not reveal any incompatibles nor did Plaintiff's classifications at SCCC in April 2008 and April 2009. Plaintiff lacks any record of fighting prior to the Martinez altercation to place CCA on notice of a potential risk of harm to Plaintiff. Thus, the Court concludes that Plaintiff fails to prove his Eighth Amendment claim.

Without a viable federal claim, the Court lacks jurisdiction over Plaintiff's state law claim that is dismissed without prejudice. Wal-Juice Bar, Inc. v. Elliot, 899 F.2d 1502, 1504 (6th Cir. 1990).

For the above-stated reasons, the Court concludes that CCA's motion for summary judgment should be granted.

An appropriate Order is filed herewith.

ENTERED this the 19th day of August, 2011.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　WILLIAM J. HAYNES, JR.
　　　　　　　　　　　　　　　　　United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

NORMAN JOHNSON, )
)
    Plaintiff, ) NO. 1:10-0052
) JUDGE HAYNES
v. )
)
CORRECTIONS CORPORATION )
OF AMERICA, )
)
    Defendant. )

## O R D E R

In accordance with the Memorandum filed herewith, Defendant's motion for summary judgment (Docket Entry No. 13) is **GRANTED** and Plaintiff's federal law claim is **DISMISSED with prejudice**. Plaintiff's state law claim is **DISMISSED without prejudice** for lack of jurisdiction.

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 19th day of August, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

1